UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Natalia Ivanovna Kareva,

    Plaintiff,

    v.                                    Case No. 1:12cv267

United States of America, *et al.*,         Judge Michael R. Barrett

    Defendants.

## ORDER

This matter is before the Court upon Defendant Bryan Gerson and the unidentified individual Defendants' ("Individual Defendants") Motion to Dismiss Plaintiff's *Bivens* Claims. (Doc. 16.) Plaintiff has filed a Response in Opposition (Doc. 17), which incorporates by reference arguments made in a previously filed Response (Doc. 3). Defendants have filed a Reply. (Doc. 21.)

**I.    BACKGROUND**

Plaintiff brings claims against the Individual Defendants pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[1] The named Individual Defendant, Brian Gerson, is an Detention and Removal Operations (DRO) law enforcement employee of U. S. Immigration and Customs Enforcement (ICE). (Doc. 14, ¶ 12.) The unidentified Individual Defendants are employees of ICE, other agencies within the Department of Homeland Security, or the United States Department of Justice, including the Agency known as the Board of Immigration Appeals or other

---

[1] Plaintiff has also brought a claim under the Federal Torts Claims Act ("FTCA") against the United States. This claim is not addressed in the Motion to Dismiss.

agencies within the Executive Office of Immigration Review. (Id.)

The following facts are alleged in the Amended Complaint (Doc. 14.) and found in its exhibits (Doc. 1-1)² and also found in the exhibits attached to Defendants' Motion to Dismiss. (Doc. 12.)³

Plaintiff Natalia Kareva is a citizen of Russia. (Doc. 14, ¶ 10.) Defendants claim that Plaintiff entered the United States on June 19, 2003 with a nonimmigrant student visa to attend an educational program, but failed to carry a full course of study, which renders her immigration status unlawful. (Doc. 16-2.)

Plaintiff claims that she is lawfully present in the United States. (Doc. 14, ¶ 10.) Plaintiff explains that on November 3, 2003, she filed an application for asylum and withholding of removal. (Id., ¶ 15; Doc. 1-1, at 41.) After an asylum interview, Plaintiff's asylum application was referred to an immigration judge because her claims of persecution were deemed to be not credible based on material inconsistencies and lack of detail on material points. (Doc. 1-1, at 39.)

As part of her immigration proceedings, Plaintiff was granted several continuances for consideration of an I-130, Petition for Alien Relative, but the I-130 was denied. (See Doc. 1-1, at 5.) On December 11, 2007, an immigration judge denied another continuance

---

²Plaintiff's Amended Complaint makes reference to the same exhibits attached to the original Complaint, however, Plaintiff failed to attach these exhibits to the Amended Complaint when it was electronically filed.

³Federal Rule of Civil Procedure 12(d) provides that if, in a 12(b)(6) motion to dismiss, "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). However, a court may consider "exhibits [attached to the complaint], public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

for Plaintiff to file a new I-130 based on the same marriage. (Id.) The immigration judge noted that Plaintiff had no relief available because she had withdrawn her application for asylum and her I-130 had been denied. (Id. at 6.) The immigration judge granted Plaintiff's application for voluntary departure, and ordered her to depart the United States within 60 days and to post a bond in the amount of $1,000.00 within five days. (Id.)

Plaintiff appealed the immigration judge's order to the Board of Immigration Appeals, and filed a Motion to Reopen, for Leave to Withdraw Plea of Voluntary Departure and for Leave to Assert Relief by Reason of Asylum, Withholding and Withholding Pursuant to Convention Against Torture. (See id. at 13, 25.) On appeal, Plaintiff argued that the immigration judge improperly ordered voluntary departure without providing an interpreter during the hearing. (Id. at 28.) Plaintiff also argued that her previous attorney withdrew her asylum application without her consent. (Id. at 27.) Finally, Plaintiff argued that the immigration judge erred by *sua sponte* ordering voluntary departure. (Id. at 28.)

On June 30, 2009, the Board dismissed Plaintiff's appeal in part, sustained in part, and "remand[ed] the record to the Immigration Judge for the sole purpose of allowing [Ms. Kareva] to designate a country of removal." (Id. at 54.) While the Board agreed that the immigration judge erred in granting voluntary departure, the Board concluded that Plaintiff had not provided a proper basis for reopening her case and reinstating her asylum application. (Id. at 53.) The Board found that Plaintiff had not established that her prior counsel was ineffective, or that she was prejudiced by her former counsel's actions. (Id.) The Board also dismissed Plaintiff's claim that an interpreter was necessary because Plaintiff had previously indicated that she spoke English well. (Id.) Therefore, the Board held that Plaintiff was "bound by her former attorney's statements that she wished to

withdraw her asylum application" and she "is not entitled to pursue this form of relief on remand." (Id.)

However, on remand, on July 23, 2009, Plaintiff filed a Motion to Reopen Proceedings Based on Changed Circumstances with Successive I-589 Asylum Attached. (Id. at 56.) On September 23, 2009, the immigration judge held a hearing, which was followed by the entry of a form order, on which he checked only the "other" box and wrote "Russia is designated as the country of removal" and "Motion to reopen is denied." (Id. at 77.) Plaintiff appealed this order to the Board. (Id. at 88.) Plaintiff served a copy of her appeal on ICE in the Cleveland office. (Doc. 14, ¶ 23-24.)

On March 23, 2010, the Individual Defendants processed Plaintiff for detention under 8 U.S.C. § 1231, and issued an Order of Release on Recognizance. (Doc. 16-3.)

On May 12, 2010, the Individual Defendants arrested Plaintiff while she was reporting at the DRO office in Columbus. (Doc. 14, ¶ 25.) On May 15, 2010, Plaintiff filed an application for a stay of removal with the Board. (Doc. 1-1, at 98.) On May 19, 2010, the Board denied the stay because "there is little likelihood that the motion [to reopen] will be granted." (Id. at 107.) That same day, Plaintiff filed an emergency motion for a stay of removal and a petition for review with the Sixth Circuit. (Id. at 109, 120.) On May 28, 2010, the Department of Justice ("DOJ") attorney representing DHS moved to dismiss the appeals for lack of jurisdiction. (Id. at 126.) DHS argued that the Sixth Circuit lacked jurisdiction because Plaintiff's removal order was not yet final due to her second appeal pending before the Board. (Id. at 129-130.) On June 1, 2010, Plaintiff's counsel faxed a copy of the motion to Mike Tripi, an attorney for DHS. (Id. at 136.)

On June 23, 2010, the Board issued a decision in Plaintiff's second appeal. (Id. at

157.) The Board remanded the record to the immigration judge because it determined that the record was insufficient to permit review of the immigration judge's decision denying the motion to reopen based on changed country conditions. (Id. at 157-58.) The Board also explained:

> Additionally, the respondent and the DHS raise an issue regarding whether the Immigration Judge's September 23, 2009, order constitutes a final order of removal. The respondent states that the Immigration Judge merely designated Russia as the country of removal, but did not order the respondent removed. The record indicates that the respondent admitted the charges specified in the Notice to Appear and conceded removability. The Immigration Judge previously found the respondent removable as charged. Our prior order vacated the voluntary departure grant, but did not vacate the Immigration Judge's alternative order of removal. In fact, although the Immigration Judge's December 11, 2007, alternative removal order specified Russia as the country of removal, we remanded the case only to give the respondent an opportunity to designate the country of removal because she had not been given such an opportunity previously. Thus, we conclude that there is a final order of removal issued for the respondent, and that the country of removal is Russia (although there has been no final determination regarding the respondent's motion to reopen, in view of the foregoing remand).

(Id. at 158.) Following this ruling, Plaintiff's counsel faxed messages regarding Plaintiff's release to counsel for DHS, Michael Tripi and Victoria Christian, and two ICE employees, Paul Brower and Nathan Reaper. (Id. at 160, 162.) Counsel for Plaintiff also called Gerson to request that Plaintiff be released from detention. (Doc. 14, ¶ 31.) During the conversation, Gerson and Plaintiff's counsel "los[t] patience" with one another, and Officer Gerson told Plaintiff's counsel that Plaintiff "will remain in detention until she is deported. Eeeehaw - I am a cowboy." (Id.)

On June 25, 2010, Plaintiff filed a motion to reconsider the portion of the Board's decision finding her subject to a final order of removal. (Doc. 1-1 at 164-172.) While the motion for reconsideration was pending, DHS reset Plaintiff's bond to $1500. (Doc. 16-4,

at 2.) On September 20, 2010, Plaintiff posted bond and was released from detention. (Doc. 16-6.) On October 7, 2010, the Board granted the motion for reconsideration and concluded that the order of removal is not yet final and vacated its decision of June 23, 2010. (Doc. 1-1, at 174-76.) The case remains pending before the immigration judge.

In her Amended Complaint, Plaintiff alleges *Bivens* claims against the Individual Defendants based on violations of her Fourth and Fifth Amendment rights. Specifically, Plaintiff claims that her arrest was without probable cause and she was denied of her liberty without due process when she was unlawfully detained.[4]

## II. ANALYSIS

### A. Motion to Dismiss Standard

When reviewing a 12(b)(6) motion to dismiss for failure to state a claim, this Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). "[T]o survive a motion to dismiss, a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). A claim has facial plausibility when the pleaded factual content allows the court

---

[4]The Court notes that while Plaintiff has labeled her claim under the Fifth Amendment as being a "Due Process/Equal Protection Clause" violation, Plaintiff has not made any allegations with regard to an equal protection claim.

to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

### B. *Bivens* claims

The Individual Defendants first argue that there is no *Bivens* remedy for constitutional tort claims brought by non-citizens for injury suffered as a result of immigration detention.

"Under *Bivens*, the Supreme Court has recognized a cause of action against federal officials for certain constitutional violations when no alternative processes exist to protect the plaintiff's interests and no special factors counsel against recognizing the cause of action." *Zundel v. Holder*, 687 F.3d 271, 279 (6th Cir. 2012) (citations omitted). The Supreme Court has explained that under *Wilkie v. Robbins*, 551 U.S. 537 (2007), "the decision whether to recognize a *Bivens* remedy may require two steps:"

> In the first place, there is the question whether any alternative, existing process for protecting the [constitutionally recognized] interest amounts to a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages. . . . But even in the absence of an alternative, a *Bivens* remedy is a subject of judgment: 'the federal courts must make the kind of remedial determination that is appropriate for a common-law tribunal, paying particular heed, however, to any special factors counselling hesitation before authorizing a new kind of federal litigation.'

*Minneci v. Pollard*, 132 S. Ct. 617, 621 (2012) (quoting *Wilkie v. Robbins*, 551 U.S. 537, 550 (2007)).

The Ninth Circuit has recently declined to extend a *Bivens* action to an illegal immigrant suing "federal agents for wrongful detention pending deportation." *Mirmehdi v. United States*, 689 F.3d 975, 983 (9th Cir. 2012). The Ninth Circuit noted that deportation proceedings are unique from other situations where an unlawful detention may arise. *Id.*

at 981. The court noted that "[i]t is well established that immigrants' remedies for vindicating the rights which they possess under the Constitution are not coextensive with those offered to citizens." *Id.* (citing *Reno v. Am.-Arab Anti–Discrim. Comm.*, 525 U.S. 471, 488 (1999) ("As a general matter . . . an alien unlawfully in this country has no constitutional right to assert selective enforcement as a defense against his deportation.")). The court explained that under the first step of *Wilkie*, alternative processes existed because "Congress has established a substantial, comprehensive, and intricate remedial scheme in the context of immigration." *Id.* (quoting *Arar v. Ashcroft*, 585 F.3d 559, 572 (2d Cir. 2009) (en banc)). The court also pointed out that the availability of habeas was another remedy. *Id.*

As to the second step of *Wilkie*, the court noted that "immigration issues 'have the natural tendency to affect diplomacy, foreign policy, and the security of the nation,' which further 'counsels hesitation' in extending *Bivens*." *Id.* (citing *Arar*, 585 F.3d at 574).

This Court finds no reason to distinguish this case from the Ninth Circuit's decision in *Mirmehdi*. *See D'Alessandro v. Chertoff*, No. 10–CV–927A, 2011 WL 6148756, at *4 (Dec. 12, 2011 W.D.N.Y.) (applying *Mirmehdi* to deny *Bivens* relief for improper immigration detention claims by legal permanent resident of the United States). Accordingly, the Court declines to extend *Bivens* to allow Plaintiff to sue federal agents for wrongful detention during her immigration proceedings.

### III. CONCLUSION

Based on the foregoing, it is hereby **ORDERED** that Defendant Bryan Gerson and the unidentified individual Defendants' Motion to Dismiss Plaintiff's *Bivens* Claims (Doc.

16) is **GRANTED**.

    **IT IS SO ORDERED.**

                                                                         */s/ Michael R. Barrett*
                                                                         Michael R. Barrett
                                                                         United States District Judge